**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

VELVET ANN SAULSBERRY,

     Plaintiff,

                                  Case No. 5:23-cv-377-TJC-PRL

v.

BILLY WOODS, in his official
capacity as Sheriff of Marion
County,

     Defendant.

_____

**O R D E R**

**THIS CASE** is before the Court on Defendant's Motion for Attorneys' Fees. Doc. 82. As the prevailing party, the Defendant, Sheriff Billy Woods, asserts two grounds for fees: (1) Saulsberry rejected a proposal for settlement under § 768.79 Fla. Stat., and (2) under 42 U.S.C. § 1988, because the action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978).

The Court's decision is based on 42 U.S.C. § 1988 because analysis of fees entitlement under the Florida Statute would be duplicative. See Jones v. United Space All., L.L.C., 494 F.3d 1306, 1309–11 (11th Cir. 2007) (holding the application of § 768.79 in federal civil rights cases is limited to the standard

under 42 U.S.C. § 1988). To assess whether a claim is frivolous, the Court should consider: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Sullivan v. Sch. Bd. of Pinellas Cnty., 773 F.2d 1182, 1189 (11th Cir. 1985). These factors are "general guidelines only, not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." Id.

All claims were against the Sheriff, and the inverse condemnation claim was also against the county. The heading for Count I is "Race Discrimination" and the body of Count I cites 42 U.S.C. § 2000e et seq. (Title VII). The heading for Count II is "Race Discrimination – Chapter 760," but its statutory references are to Title VII and not § 760 et seq., Fla. Stat. (the Florida Civil Rights Act). The heading for Count III is "Retaliation," and it does not have any statutory references but mentions Saulsberry is claiming retaliation "under the laws identified above." The heading for Count IV is "Inverse Condemnation" and it claims there are violations of the United States and Florida constitutions.

Saulsberry perceived she was treated differently because of her race and because of her original lawsuit against the Sheriff,[1] especially because the topic

---

[1] The parties have been litigating two cases. The Court granted summary judgment in favor of the Sheriff in the first lawsuit, relating to her employment and termination. Saulsberry v. Woods, Doc. 92 in 5:20-cv-377. Saulsberry's appeal of that decision is pending. Summary judgment was granted in this case

2

of her possible arrest came up shortly after she mentioned her lawsuit. While not meritorious, these claims were not frivolous.

Saulsberry argued the Sheriff's "delayed recognition" of her property rights facilitated "trespasser access for more than 32 months" and was a temporary taking of her property, specifically interfering with her right to exclude others. See Doc. 73 at 23; see also Cedar Point Nursery v. Hassid, 594 U.S. 139, 149 (2021) (noting the right to deny access is a treasured property right). Saulsberry and the county settled, and Saulsberry's efforts ultimately allowed her to install the fence posts and exclude others from her property. Again, the claim was not frivolous.

Accordingly, the Sheriff is not entitled to attorneys' fees under the Christiansburg Garment standard.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Attorneys' Fees, Doc. 82, is **DENIED**.

---

the same day. Doc. 77.

3

**DONE AND ORDERED** in Jacksonville, Florida the 28th day of April, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

ddw
Copies:

Counsel of record

4